FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 3 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE KUZMA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

HEALTH CARE SERVICE CORPORATION,

Defendant.

Civil Action No. 1:22-cv-217-JB-JFR

Consolidated with Civil Action No. 1:22-cv-688

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENTS

WHEREAS, Named Plaintiffs have made application for an order preliminarily approving the Parties' settlement as stated in the Settlement Agreements ("Settlement" or "Settlement Agreements"), which, together with the exhibits attached thereto, set forth the terms and conditions for a proposed settlement and dismissal of the Settlement Class Members' claims upon the terms and conditions set forth therein. This Order incorporates by reference the definitions in the Settlement Agreements;

WHEREAS, Defendant supports preliminary approval of the Settlement; and

WHEREAS, the Court has read and considered the Settlement Agreements, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") is GRANTED.

2. The Court hereby preliminarily approves [in part,] [ACB 4/28/24] the Settlement Agreements and the Settlement of the New Mexico Minimum Wage Act class action claims as fair, reasonable and adequate based on consideration of the criteria set forth in Fed. R. Civ. P. 23(e)(2) and relevant case law.

3. The methodology for allocation of settlement payments set forth in Section 6(b) of the Settlement Agreements is preliminarily approved [in part,] [ACB 4/28/24] as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to Named Plaintiffs, Opt-In Plaintiffs, and Settlement Class Members (collectively, "Settlement Class Members").

4. The Settlement Agreements are the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

5. The Court has considered the pleadings and arguments in support of the Motion and finds that the proposed Settlement Classes are proper. For purposes of settlement, the "Settlement Classes" include the "MCC Class," comprised of the 153 individuals identified on Exhibit A to the *Kuzma* Agreement, and the "MMS Class," comprised of the 349 individuals identified on Exhibit A to the *Aguilar* Agreement. The individuals in the Settlement Classes worked for Defendant at some point between March 25, 2019 and the date of the Settlement Agreements.

6. The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for the Settlement Class Members for settlement purposes only. Specifically, the Court finds as follows: (a) the settlement class is so numerous that joinder is impracticable; (b) common questions of fact and law exist; (c) the Named Plaintiffs' claims are typical of the Settlement Class Members' claims; and (d) the Named Plaintiffs and Settlement Class Counsel will be able to fairly and adequately protect the interests of the class. In addition, the Court finds that questions of law or fact common to each Settlement Class Member predominate over questions affecting individual

members for purposes of the settlement, and the class action settlement is superior to other available methods. Certification of the Rule 23 Settlement Class for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members.

7. The Court appoints Travis Hedgpeth of The Hedgpeth Law Firm, P.C. and Jack Siegel of the Siegel Law Group, PLLC, as settlement Class Counsel and preliminarily approves up to thirty-five percent of the Gross Settlement Amounts reflected in the Settlement Agreements as attorneys' fees. The Court also approves Jesse Kuzma as Settlement Class Representative of the MCC Class and Jennifer Aguilar, Michelle Munoz, and Nicole Rogers as Settlement Class Representatives of the MMS Class.

8. The Court approves the use of a settlement administration firm to be selected in accordance with the terms of the Settlement Agreements.

9. The Court approves, as to form and content, the settlement notices attached as Exhibit B to each of the Settlement Agreements ("Settlement Notices"), and finds that the distribution of the Settlement Notices as set forth in the Settlement Agreements: (1) meets the requirements of federal law and due process, including Fed. R. Civ. P. 23(c)(2); (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto. By agreement, the Parties may change non-substantive text and the format of the documents as necessary for processing and distribution.

10. Within 15 business days of the Court entering this Order on the docket, Defendant shall provide the Settlement Administrator with a complete listing of all Settlement Class Members. That listing shall contain the information specified in Section IV. B of the Settlement Agreements.

11. The Court approves the Settlement Administrator following the date and time guidelines set forth in the Settlement Agreements.

12. All Settlement Class Members, except for those who have excluded themselves in accordance with the terms of the Settlement Agreements will be bound by any final judgment and the release as set forth in the parties' Settlement Agreements and the Settlement Notices, if the Court approves the Settlement.

13. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on August 2, 2024 [no earlier than 90 days after the date of this Order], at 9:00 a.m., in Room 460 of the U.S. District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court. The Court will also hear at that time any objections submitted by Settlement Class Members. The Court also will consider Settlement Class Counsel's request for an award of attorneys' fees and costs ~~and for a Service Award to be made to the Settlement Class Representatives~~, each of the foregoing of which, if approved, shall be paid from the Gross Settlement Amounts. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of expenses from the Gross Settlement Amounts, shall be approved.

14. Any Settlement Class Member may appear at the Final Approval Hearing, at his or her own expense, individually or through counsel of his or her own choice, and show cause, if any, why: (1) the proposed Settlement should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (ond/or) (3) why attorneys' fees and costs should or should not be awarded to Settlement Class Counsel, ~~and/or (4) why the Settlement Class Representatives and Opt-In Plaintiffs should or should not receive extra compensation in the form of a Service Award~~. However, no Settlement Class Member or any other person shall be heard or

entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, ~~or, if awarded, compensation for the Settlement Class Representatives~~ or the attorneys' fees and costs awarded to Settlement Class Counsel, unless that person has, no later than 30 days after mailing of Settlement Notice to the Settlement Class, served by first class mail on the Settlement Administrator, and counsel of record for Named Plaintiffs and for Defendant, written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof, explaining the basis of the objection as provided herein. All timely served objections and notices of intention to appear at the Final Approval Hearing also shall be filed with the Clerk of the Court no later than 30 days after mailing of Settlement Notice to the Settlement Class, and, if timely filed and served, shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Settlement Class Member who does not enter an appearance or opt out of the Settlement Class will be represented by Settlement Class Counsel. Any Settlement Class Member who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (by appeal or otherwise) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreements and any award of attorneys' fees and costs awarded to Settlement Class Counsel, unless otherwise ordered by the Court.

15. As provided for in the Settlement Agreements, if this Court does not grant final approval of the proposed Settlement set forth in either Settlement Agreement, then the Settlement Agreements will be vacated, this Order and all other findings or stipulations regarding the Settlement shall be automatically void and treated as if never filed. The Parties and any funds to be awarded under the Settlement Agreements shall be returned to their respective status as of the

date and time immediately prior to the execution of the Settlement Agreements, the *Kuzma* and *Aguilar* actions shall proceed as separate cases, and the litigation shall proceed without prejudice to any party.

16. All papers in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

17. This Order and the Settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability and does not constitute any opinion of this Court as to the merits of the claims and defenses in this action.

18. This action shall be stayed pending further proceedings in connection with the effectuation of the Settlement, except such actions and proceedings that may be necessary to implement the Settlement and this Order.

19. Pending final determination of whether the Settlement should be approved, Named Plaintiffs and all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or other forum asserting any of the claims released in the Settlement Agreements. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

20. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Counsel for the Parties are hereby authorized to utilize all reasonable and mutually agreed procedures in connection with the

administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreements.

21.  As requested by the parties, the Court hereby orders that the Settlement Agreements may be filed, and remain, under seal.

_____
United States District Judge

The Court will not approve service payts to the four named plaintiffs; opt-in plaintiffs shld never wlt all atty fP's recent at no more. JB
4/28/24