IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JESSE KUZMA, on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**HEALTH CARE SERVICE CORPORATION,**<br><br>Defendant. | **Civil Action No. 1:22-cv-217-JB-JFR**<br><br>**Consolidated with Civil Action No. 1:22-cv-688** |

## ORDER GRANTING INTERIM/FINAL APPROVAL OF SETTLEMENT AGREEMENTS FOR CLASS ACTION CLAIMS AND DISMISSING ACTIONS

This Court, having granted preliminary approval of the Parties' Settlement Agreements[1] (ECF 50), having reviewed Plaintiffs' Unopposed Motion for Interim/Final Approval of Class Action Settlement (ECF 55) ("Motion for Final Approval"), as well as the Parties' presentation at the final approval hearing, and otherwise being fully informed, finds and orders as follows:

1. The Court hereby grants interim approval to the settlement reached by the Parties, as set forth in the Settlement Agreements. The interim approval will convert to final approval on October 30, 2024, provided no state or federal officials have raised issues with the settlement prior to that date. If there is no issue raised by a governmental agency concerning the settlement, then this Order granting interim approval becomes and shall be considered as the Order granting final approval of the settlement. If any issues are raised by a governmental agency, the settlement will remain in interim approval status until such issues are addressed.

2. The Court finds that the settlement classes certified in the Court's Order granting

---

[1] All capitalized terms not defined within this Order are defined in the Motion for Final Approval (ECF 55).

preliminary approval of the settlement (ECF 50) satisfy the requirements of Rule 23(a) and are maintainable under Rule 23(b)(3) for purposes of settlement of these actions. For purposes of settlement, the "Settlement Classes" include the 153 individuals in the MCC Class and the 350 individuals in the MMS Class.

3. The Court finds that the settlement is fair, adequate, and reasonable and satisfies the four factors set forth in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). First, the settlement was fairly and honestly negotiated and only reached after months of negotiations and with the help of a mediator with significant wage-and-hour litigation experience. Second, serious questions of law and fact exist, including questions regarding the exempt status of the Settlement Class Members and the number of hours they worked. Third, because these questions may have ultimately been resolved in Defendant's favor, which would have left Plaintiffs and the Settlement Class Members with nothing, the value of an immediate recovery outweighed the mere possibility of future relief after protracted and expensive litigation. Fourth and finally, the parties and their counsel believe the settlement is fair and reasonable. Plaintiffs' counsel are experienced wage-and-hour attorneys that specialize in complex hybrid actions, and their "judgment as to the fairness of the agreement is entitled to considerable weight." *See Lucas v. Kmart Corp.*, 234 F.R.D. 688, 695 (D. Colo. 2006); *see also, Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried."). Further, the fact that no Settlement Class Members opted out of, or objected to, the settlement also weighs in favor of approval. *See Nakamura v. Wells Fargo Bank, Nat'l Ass'n*, 2019 WL 2185081, at *2 (D. Kan. May 21, 2019) ("The fact that no member of the Settlement Class elected to be excluded from the Settlement or objected to the Settlement bolsters the court's

confidence in the results Class Counsel has obtained.").

4.      The Notices of Class Action Settlement ("Class Notices") sent to the members of the Settlement Classes via First Class Mail adequately informed the Settlement Class Members of the terms of the Settlement Agreements, their individualized recovery, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreements. The Class Notices also adequately informed the Settlement Class Members of additional resources, including the telephone number of Settlement Class Counsel and the Claims Administrator, from whom Settlement Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notices satisfied all requirements, including those contained in Rule 23(c)(2)(B) and Rule 23(e)(1).

5.      The Court finds that, as set forth in the declaration of Class Counsel, the litigation was settled after substantial informal discovery which allowed the Parties to evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the settlement.

6.      Settlement Class Members will release and discharge Defendant and its affiliates as set forth in the Settlement Agreements, from any and all wage-and-hour-related claims and rights they may have, whether known or unknown, whether contingent or non-contingent, in accordance with the terms of the Settlement Agreements and through October 31, 2023 arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq., and any other local, state, and federal laws, including all statutory, common, contract, and tort laws, that are based upon or related to any alleged overtime

or other wage and hour-related claims of the Settlement Classes, including, but not limited to, claims for payment of wages, overtime, minimum wage, other benefits, penalties, interest, liquidated damages, treble damages, litigation costs, expenses, and attorney's fees.

7. As further specified in the Parties' Settlement Agreements, the Named Plaintiffs fully release and discharge Defendant and its affiliates from any and all claims, known or unknown, related to the Named Plaintiffs' employment with Defendant or its affiliates.

8. Within five (5) business days of the date on which this Order becomes final in accordance with Paragraph 1 of this Order, or when all potential appeals or challenges have been exhausted, whichever occurs later, Defendant shall transfer to the Claims Administrator the funds necessary to satisfy the settlement and all related and approved awards, fees, costs, and litigation expenses.

9. Defendant shall pay, separate and apart from the settlement proceeds ("Settlement Proceeds"), the employer's share of all applicable state and federal payroll taxes on the checks distributed to the Named Plaintiffs, Opt-in Plaintiffs, and Settlement Class members for the wage payment portion of their Settlement Awards.

10. Named Plaintiffs, Settlement Class Members, and Opt-in Plaintiffs shall each receive their portion of the Net Settlement Fund in accordance with the calculations provided for in the Settlement Agreements. The Claims Administrator shall issue Settlement Class Members their settlement payments from the Net Settlement Fund (the Net Settlement Fund equals the Gross Settlement Amount minus Court-awarded attorneys' fees and costs and the Claims Administrator's fee). As set forth in the Settlement Agreements, fifty percent (50%) of each individual's portion of the Net Settlement Fund shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining

fifty percent (50%) of each individual's portion of the Net Settlement Fund shall be allocated as liquidated damages and interest (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income).

11.     The Court also approves settlement of the Settlement Class Members' claims which arise under the Fair Labor Standards Act. The Settlement Agreements present a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

12.     Upon receipt of the funds in accordance with this Order, the Claims Administrator shall distribute the settlement checks in accordance with the terms of the Settlement Agreements to the Settlement Class Members. If any settlement checks remain uncashed after 180 days from the date such checks are mailed to the Settlement Class Members by the Claims Administrator, the amount of such settlement checks will revert back to Defendant.

13.     The Court grants Class Counsel's request for attorney's fees representing 35% of the Gross Settlement Amounts. This amount is reasonable for this common fund case and consistent with the practice of district courts in the Tenth Circuit. *See In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1257 (D.N.M. 2012) ("Fees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis."); *see also Candelaria v. Health Care Serv. Corp.*, 2020 WL 6875828, at *3 (D.N.M. Nov. 4, 2020) (Gonzales, J.) (awarding attorneys' fees of 35% of common fund, noting that the percentage was "consistent with the practice of district courts in the 10th Circuit"); *Rhea v. Apache Corp.*, 2022 WL 18621782, at *2 (E.D. Okla. June 23, 2022) (awarding attorneys' fees of 40% of $25,000,000 common fund). The Court further finds that, for the reasons set forth in the Motion for Final Approval, the relevant "*Johnson* factors" set forth *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994) (citing *Johnson v. Georgia Highway Express. Inc.* 488 F.2d 714, 717-19 (5th Cir.

1974)) support the requested fees.

14. Class Counsel's request for reimbursement of $14,488.39 in actual out-of-pocket litigation expenses and costs incurred in prosecuting this case, including costs for court fees, mediation fees, and travel costs, is granted. The Court finds these costs to be reasonably incurred.

15. The Claims Administrator shall be paid a sum of $22,032 from the Settlement Proceeds for the services provided in connection with the administration of the settlement.

16. This matter, as consolidated, is dismissed with prejudice, resulting in the dismissal with prejudice of both consolidated lawsuits: *Jesse Kuzma v. Health Care Service Corporation*, Civil Action No. 1:22-cv-217-JB-JFR, and *Aguilar et al. v. Health Care Service Corporation*, Civil Action No. 1:22-cv-688-MV-JFR. The Parties are to bear their respective attorney's fees and costs except as provided in the Settlement Agreements.

17. The Court will retain jurisdiction over this matter for the purpose of enforcing the terms of the Settlement Agreements.

18. The Parties shall otherwise abide by all terms of the Settlement Agreements, which are incorporated herein, and this Order.

_____
UNITED STATES DISTRICT JUDGE